MARK S. POSARD (SBN: 208790)
JENNIFER M. HOLLY (SBN 263705)
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402
mposard@grsm.com
jholly@grsm.com

Attorneys for Defendant
BIGGE CRANE AND RIGGING CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TAAD, on behalf of the State of California, as a private attorney general,<br><br>                  Plaintiff,<br><br>vs.<br><br>BIGGE CRANE AND RIGGING CO. a California corporation; and DOES 1 through 50,<br><br>                  Defendants. | CASE NO.<br><br>**DEFENDANT BIGGE CRANE AND RIGGING CO.'S NOTICE OF REMOVAL**<br>**(29 U.S.C. section 185 and 28 U.S.C. Section 1331)**<br><br>(Alameda County Superior Court Case No. RG21103112) |
| JASON TAAD an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>BIGGE CRANE AND RIGGING CO., a California corporation; and DOES 1 through 50, inclusive,<br><br>                  Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant BIGGE CRANE AND RIGGING CO. ("Defendant") by and through its undersigned counsel, contemporaneously with the filing of this Notice, hereby effects removal of the above-referenced action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California. Defendant removes the case on the basis of federal preemption pursuant to 29 U.S.C. section 185 and 28 U.S.C section 1331 as follows:

## I. PROCEDURAL BACKGROUND

1. On or about June 29, 2021, Plaintiff Jason Taad (Plaintiff), an employee of Defendant, filed a civil action in the Superior Court of the State of California for the County of Alameda, entitled *Jason Taad, on behalf of the State of California, as a private attorney general v. Bigge Crane and Rigging Co., et al.*, case number RG21103112, alleging PAGA penalties for various wage and hour violations (the "PAGA Action").

2. Consecutively, Plaintiff separately filed the putative wage and hour class action, *Jason Taad an individual, on behalf of himself and on behalf of all persons similarly situated v. Bigge Crane and Rigging Co., et al*., Alameda County Superior Court case number RG21103123 (the "Putative Class Action").

3. On October 11, 2021, Defendant filed a motion to consolidate the Putative Class Action with the PAGA Action. The Putative Class Action was consolidated with the PAGA Action on December 16, 2021, the PAGA Action determined to be the lead case and assigned Case No. RG21103112. Therefore, for the first time, on December 16, 2021, Case Number RG21103112 raised an issue that requires federal interpretation.

4. Removal of this action is therefore timely, in that Defendant has filed the notice of removal within 30 days of consolidation of the Putative Class Action matter with the PAGA matter. *See* 28 U.S.C. §1446(b).

5. All process, pleadings, and orders in state court are attached as Exhibit A to the Declaration of Jennifer M. Holly. Exhibit A constitutes the complete record of all process, pleadings, and orders in state court, within the meaning of 28 U.S.C. Section 1446(a).

-2-
**DEFENDANT BIGGE CRANE AND RIGGING CO.'S NOTICE OF REMOVAL
(29 U.S.C. section 185 and 28 U.S.C. Section 1331)**

6. The removal of this action terminates all proceedings in Alameda Superior Court. *See* 28 U.S.C. §1446(d).

## II. REMOVAL IS PROPER BASED UPON FEDERAL PREEMPTION

7. Plaintiff was a member of Teamsters, Local 70 ("Teamsters") throughout his employment with Defendant. Declaration of Ryan Blake, ¶¶3-5 ("Blake Decl.") Exhibit 1. At all times during Plaintiff's employment, a Collective Bargaining Agreement ("CBA") was in place between Teamsters and Defendant. *Id*. at ¶¶3-4, Exhibit 1.

8. "Section 301 [of the Labor Management Relations Act ("LMRA")] governs claims founded directly on rights created by collective bargaining agreements and also claims substantially dependent on analysis of a collective bargaining agreement. It can have complete preemptive force." *Aguirre v. Genesis Logistics*, No. SACV-1200687, 2013 WL 10936036, at *5 (C.D. Cal. July 3, 2013).

9. Courts engage in a two-prong inquiry to determine whether a plaintiff's state law claims are preempted, commonly referred to as the *Burnside* prongs. Courts examine whether a plaintiff's cause of action "involves a right conferred upon an employee by virtue of state law, not a [Collective Bargaining Agreement]." *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007); S*antiago v. Aramark Uniform and Career Apparel*, LLC, 2012 WL 586 8954, *3 (Nor. D. Cal. Nov. 19, 2012). If the right at issue exists solely as a result of a Collective Bargaining Agreement, the state claim is immediately preempted and the analysis ends. *Burnside*, 491 F.3d at 1059.

10. However, if the right at issue exists as a result of a collective bargaining agreement and is independently codified in statutory law, the courts move onto the second *Burnside* prong and consider whether the claim is "substantially dependent on analysis of a collective-bargaining agreement." (*Id*.) (omitting citations); *see also Santiago*, 2012 WL 5868954, at *3. "[W]hether a plaintiff's state law right is substantially dependent on analysis of a CBA…turns on whether the claims can be resolved by **looking to** versus **interpreting the CBA**. If the latter, the claim is preempted; if the former, it is not." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016) (quotations and citations omitted) (emphasis

-3-
**DEFENDANT BIGGE CRANE AND RIGGING CO.'S NOTICE OF REMOVAL
(29 U.S.C. section 185 and 28 U.S.C. Section 1331)**

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA  95825

added). If the claim is dependent on interpreting the CBA, the claim is preempted. *Burnside*, *supra*, 491 F.3d at 1059.

11. In *Kobold*, the Ninth Circuit determined that the plaintiff's state law claims were preempted because they were dependent on analysis of the CBA. *Kobold*, *supra*, 832 F.3d at 1035-36. There, the plaintiff nurse brought a state law claim alleging that she had not been paid at a premium rate for extra shifts worked. *Id*. at 1035. The plaintiff's employment as governed by a CBA, which provided that "nurses are to be paid one and one-half times their regular pay rate for all hours worked above their regularly scheduled full-time equivalent shifts 'except when there is a change of schedule agreed upon by the [employer] and nurse.'" *Id*. at 306. The parties disputed whether there had been a "change of schedule agreed upon" by the parties under the CBA provision. *Id*. Because resolving the parties' dispute would require interpretation of that provision, plaintiff's claims were preempted. *Id*.

12. Likewise here, Plaintiff's claims are substantially dependent on analysis of the CBA, which requires the interpretation of the CBA. Thus, Plaintiff's claims are preempted.

### A. **Plaintiff's Meal Period Claims Involve Rights Solely Conferred by the Collective Bargaining Agreement and the Applicable CBA Provisions Must Be Interpreted**

13. Plaintiff's fourth and fifth causes of action in his Class Action complaint allege Defendant failed to provide him with meal periods and rest breaks during his work shifts and failed to pay him for the same. (Complaint, ¶¶89-96.) Specifically, Plaintiff also alleges that from time to time, he was denied the right, forced to forego, and did not take, legally required meal periods. (*Id*. at ¶ 90.)

14. Meal periods of Defendant's unionized employees, including Plaintiff, are governed by the CBA. California Labor code specifically states that statutory meal period requirements do not apply when, "[t]he employee is covered by a collective bargaining agreement," and "[t]he valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked." Labor Code §512(a) and

1  (e).

2  15. Here, the CBA provides wage conditions and meal period requirements. (Blake
3  Decl. Exhibit 1, at p.16.) The CBA also provides for final and binding arbitration of wage
4  condition and meal period disputes. (*Id*. at p. 8.) Because Plaintiff's rights concerning meal
5  periods are conferred by the CBA and not by law, Plaintiff's fourth cause of action is preempted
6  under the first *Burnside* prong.

7  16. Assuming, arguendo, that Plaintiff's right to meal breaks was not solely conferred
8  by the CBA and the analysis continued to the second *Burnside* prong, the result is nevertheless
9  the same. Plaintiff's cause of action is premised on the fact that he was not paid for his meal
10 period. (Complaint, ¶ 90.) The CBA specifically provides the following regarding meal periods
11 for employees:

> "There shall be a thirty (30) minute or sixty (60) minute meal period scheduled at the option of the Employer. This would be from four (4) to five (5) hours from starting time of the shift being worked. In the event an employee is required to work through the meal period and is unable to take a meal break within one (1) our of the scheduled time, then he shall be paid the applicable overtime rate for the scheduled period of time. The employee shall be given sufficient time to eat as soon as possible."

17 Blake Decl. Exhibit 1 at 13.3. The CBA also provides that management of the employer has sole
18 and exclusive judgment to "direct the progress of work." Id. p. 19. These provisions must be
19 interpreted to determine how they impact the meal periods and rest breaks of the employees and
20 their schedules. The CBA terms must be interpreted in order to determine whether Plaintiff's
21 claims are substantially dependent on them. Accordingly, the second prong is satisfied, and
22 Plaintiff's claims are preempted. *Burnside*, *supra*, 491 F.3d at 1059.

   **B.  Plaintiff's Remaining Causes of Action for PAGA Penalties, Failure to Timely Pay Wages, Failure to Pay Minimum and Overtime Wages, Failure to Provide Accurate Wage Statements, Failure to Reimburse, Retaliation, and Unfair Business Practices Arise out of a Common Nucleus of Operative Fact**

26 17. Summarily, removal is proper based on federal preemption because (1) Plaintiff's
27 meal period claims involve rights conferred only by the CBA and require interpretation of the
28 CBA.

18. Plaintiff's remaining claims for PAGA penalties, failure to timely pay wages, failure to pay minimum and overtime wages, failure to provide accurate wage statements, failure to reimburse, retaliation, and for unfair business practices are solely derived from the meal and rest period claims that arise out of the interpretation of the CBA. These claims are "derive[d] from a common nucleus of operative fact" and of the nature which "a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004). Indeed, the Ninth Circuit has held that "a district court may exercise supplemental jurisdiction over claims that are brought in conjunction with [preempted claims]." *Brown v. Brotman Med. Ctr., Inc.*, 571 Fed. App'x 572, 576 (9th Cir. 2014).

19. Here, Plaintiff's claims for PAGA penalties, failure to timely pay wages, failure to pay minimum and overtime wages, failure to provide accurate wage statements, failure to reimburse, retaliation, and for unfair business practices are solely derived from the meal and rest period claims that arise from the alleged failure to pay Plaintiff for his meal periods during his employment. Holly Decl. Exh. 1-2.

20. In addition, the state law claims for failure to timely pay wages, failure to pay minimum and overtime wages, failure to provide accurate wage statements, failure to reimburse, retaliation, and for unfair business practices may be preempted if they require interpretation of the CBA. *See Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1147 (9th Cir. 1988).

### III.    REMOVAL JURISDICTION

21. This Court has jurisdiction of this civil action based upon federal preemption pursuant to 29 U.S.C. section 185. Defendants may remove this action to this Court in accordance with 29 U.S.C. section 185 and 28 U.S.C. Section 331 because Plaintiff's claims necessitate the interpretation of various provisions of the CBA that governed Plaintiff's employment. Such suits may be removed to federal court without respect to the amount in controversy and without regard to the citizenship of the parties. 29 U.S.C. § 185(a).

22. Venue is proper in this Court pursuant to 38 U.S.C. sections 84(c)(2), 1391 and 1446.

23. This case should be assigned to the United States District Court for the Northern

-6-

**DEFENDANT BIGGE CRANE AND RIGGING CO.'S NOTICE OF REMOVAL**
**(29 U.S.C. section 185 and 28 U.S.C. Section 1331)**

1  District of California, because (1) a substantial part of the events or omissions which give rise to
2  the claims alleged in the Action are alleged to have occurred in Alameda County; and (2) this
3  division of the United States District Court for the Northern District of California embraces the
4  place where the Action is currently pending.

5  24.    Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of
6  Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the
7  Clerk of the Superior Court of the State of California in and for the County of Alameda. The
8  proof of service of this Notice to Adverse Party of Removal will be filed with this Court.

9  25.    Pursuant to 28 U.S.C. 1446(d), Defendants are providing this Notice of Removal
10 to Plaintiff.

11 WHEREFORE, Defendant hereby removes this action from the Superior Court of the
12 State of California for the County of Alameda to this Court and request that the Court exercise
13 jurisdiction over these proceedings as appropriate.

Dated: January 18, 2022               GORDON REES SCULLY MANSUKHANI, LLP

                                      By:  */s/ Jennifer M. Holly*
                                           Mark S. Posard
                                           Jennifer M. Holly
                                           Attorneys for Defendant
                                           BIGGE CRANE AND RIGGING CO.

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

# CERTIFICATE OF SERVICE

I am a citizen of the United States. My business address is 3 Parkcenter Drive, Suite 200, Sacramento, California 95825. I am employed in the City and County of Sacramento where this service occurs. I am over the age of 18 years and not a party to the within action. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On January 18, 2022, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT BIGGE CRANE AND RIGGING CO.'S NOTICE OF REMOVAL (29 U.S.C. section 185 and 28 U.S.C. Section 1331)**

[X]   **BY EMAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent to the person(s) at the E-Mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

| | |
|---|---|
| Norman B. Blumenthal<br>Kyle R. Nordrehaug<br>Aparajit (AJ) Bhowmik<br>Victoria Rivapalacio<br>Jeffrey Herman<br>Sergio Julian Puche<br>BLUMENTHAL NORDREHAUG<br>BHOWMIK DE BLOUW LLP<br>2255 Calle Clara<br>La Jolla, CA 92037<br>T: (858) 551-1223; F: (858) 551-1232<br>norm@bamlawca.com<br>kyle@bamlawca.com<br>aj@bamlawca.com<br>victoria@bamlawca.com<br>jeffrey@bamlawca.com<br>sergiojulian@bamlawca.com<br>***Attorneys for Plaintiff Jason Taad***<br>RE: Alameda County Superior Court Case Nos. RG21103112 | Norman B. Blumenthal<br>Kyle R. Nordrehaug<br>Aparajit Bhowmik<br>Jeffrey S. Herman<br>Christine T. LeVu<br>Andrew Ronan<br>BLUMENTHAL NORDREHAUG<br>BHOWMIK DE BLOUW LLP<br>2255 Calle Clara<br>La Jolla, CA 92037<br>T: (858) 551-1223; F: (858) 551-1232<br>norm@bamlawca.com<br>kyle@bamlawca.com<br>aj@bamlawca.com<br>jeffrey@bamlawca.com<br>christine@bamlawca.com<br>andrew@bamlawca.com<br>***Attorneys for Plaintiff***<br>RE: Alameda County Superior Court Case Nos. RG21103123 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 18, 2022, at Sacramento, California.

_____
VERONICA WHITAKER

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

1246845/60926195v.1